JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KASSIDY MCFADDEN

**(b)** County of Residence of First Listed Plaintiff DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RICHARD B. BATEMAN, JR., ESQUIRE
113 N. OLIVE STREET, FIRST FLOOR, MEDIA PA

## DEFENDANTS

A CHILD'S PLACE EXTENDED CARE, INC.

County of Residence of First Listed Defendant CHESTER
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED, 42 U.S.C. 2000E, ET SEQ.

Brief description of cause:
EMPLOYMENT DISCRIMINATION BASED ON RACE AND RETALIATION

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE 11/23/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

10/2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: A Child's Place Extended Care, Inc. Devon, PA Chester County

***RELATED CASE IF ANY:*** Case Number: N/A Judge: ________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / [X] **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- [X] 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / [X] **does not** have implications beyond the parties before the court and ☐ **does** / [X] **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

11/23/2026

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KASSIDY MCFADDEN<br>2374 Chipmunk Lane<br>Secane, Pennsylvania 19018<br>PLAINTIFF, | : | NO. |
| vs. | | |
| A CHILD'S PLACE<br>EXTENDED CARE, INC.<br>524 Sugartown Road<br>Devon, Pennsylvania 19333<br>DEFENDANT | : | JURY TRIAL DEMANDED |

**CIVIL ACTION COMPLAINT**

COMES NOW, Plaintiff, by counsel, and complains of Defendant as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. (hereinafter "Title VII"). This matter was filed within 90 days after receiving a right to sue letter from the Equal Employment Opportunity Commission.

**PARTIES**

2. Plaintiff Kassidy McFadden, is a bi-racial (Caucasian and African American) female adult individual and at all times relevant hereto, resides at 2374 Chipmunk Lane, Secane, Pennsylvania 19018.
3. Defendant A Child's Place Extended Care, Inc. (hereinafter "A Child's Place") is a Pennsylvania Domestic Business Corporation (Entity No.: 4104987) with a registed office and place of business located at 524 Sugartown Road, Devon, Pennsylvania 19333.
4. At all times material hereto, Defendant A Child's Place employed over fifty (50) people.
5. At all times material hereto, Defendant A Child's Place was Plaintiff's employer.

6. Plaintiff was hired by Defendant A Child's Place through referral from a prior employee of employer, and Plaintiff began working for Defendant A Child's Place in Devon Pennsylvania on September 9th, 2025, as a full-time Teaching Assistant throughout the school year working forty (40) hours per week.

7. At the time Plaintiff first started working for Defendant A Child's Place, Plaintiff was treated differently from other coworkers, as well as Plaintiff's employer and manager, based upon her bi-racial racial background, which is Caucasian and African American.

8. Plaintiff's coworkers, employer, and manager were either Caucasian or African American, but not bi-racial.

9. During Plaintiff's employment, Plaintiff worked directly under a Caucasian female staff member, Laurie Eichert (Director), who repeatedly informed Plaintiff of complaints by coworkers concerning Plaintiff's conduct and activities in the workplace which were false; including allegations that Plaintiff was on her cell phone, spent excessive time in the bathroom, and not taking lunch in a proper place and time even though other staff members took their lunch in the same manner as Plaintiff.

10. Laurie Eichert received false reports from four (4) coworkers of Plaintiff threating to beat up Laurie in the presence of the children without investigating the false reports and received other false or made-up reports as pre-text for termination.

11. Plaintiff denied the allegations made against her and attempted to explain her side of the situation to her manager Laurie Eichert.

12. Plaintiff discussed the treatment received from her manager to her coworkers and raised concerns regarding the manner in which Plaintiff was being treated in the workplace because they did not receive the same treatment.

13. Plaintiff observed that the teacher she worked under; Ms. "D" (Lauren D. [Last Name Unknown]) (Caucasian women), treated other non-bi-racial employees more favorably than Plaintiff and Plaintiff was subjected to greater scrutiny and criticism than other employees because of Plaintiff's bi-racial race.
14. Plaintiff's coworkers were aware of the disparate treatment Plaintiff was receiving.
15. Further, Plaintiff observed that she was disparately excluded from certain workplace instructions, conversations, and interactions while other employees were treated more favorably in the employer's attempt to set-up Plaintiff for failure.
16. Plaintiff believes that the foregoing conduct was based upon Plaintiff's bi-racial race.
17. On or about February 9th, 2026, Plaintiff received a notice from Defendant A Child's Place that her employment was being terminated.
18. Plaintiff requested an in-person exit interview after being advised of her employment termination and Defendants refused an in-person exit interview but only allowed her a phone call.
19. Defendant falsely represented that Plaintiff's termination was based upon allegations concerning Plaintiff's conduct in the workplace as pretext for her termination.
20. Plaintiff contacted Defendant A Child's Place following the termination and disputed the allegations made against Plaintiff, because the allegations were not true and pure pretext.
21. Plaintiff maintains that the allegations stated by Defendant were false, inaccurate, or otherwise did not provide a legitimate basis for the termination because they were "pretext" to mask the true reason for Plaintiff's termination.

22. Plaintiff believes that Defendant's decision to terminate her employment was the culmination of the disparate and discriminatory treatment Plaintiff experienced during her employment based upon her Bi-racial racial background.

23. All of Defendant's action(s) for terminating Plaintiff were mere "pretext" to mask the true reasons(s) for why Plaintiff was terminated.

**COUNT I- DISCRIMINATION BASED UPON RACE**

24. Plaintiff repeats paragraphs one (1) through twenty-three (23) as if more fully set forth herein.

25. Plaintiff is a member of a protected class based upon her bi-racial and racial background.

26. Further, Plaintiff observed that she was disparately excluded from certain workplace instructions, conversations, and interactions while other employees were treated more favorably in the employer's attempt to set-up Plaintiff for failure.

27. As a direct and proximate result of Defendant's discriminatory acts, Plaintiff suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

28. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts and until this Court grants the relief requested herein.

WHEREFORE, Plaintiff demands that judgment be entered in her favor on Count I against Defendants, for lost pay, lost bonuses, lost benefits, front pay, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees,

costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

## COUNT II – RACE AND RETALIATION BY DEFENDANTS

29. Plaintiff repeats paragraphs one (1) through twenty-eight (28) as if more fully set forth herein.

30. Plaintiff contends that her employment with Defendant A Child's Place her employment because of her Bi-racial status and because she made good faith complaints of bi-racial discrimination.

31. Defendant A Child's Place demonstrated their animus against Plaintiff when:

  a. Plaintiff complained that she was treated differently from her Caucasian coworkers because of her racial status;

  b. Plaintiff complained that she was subjected to stricter standards and greater scrutiny than other employees who were treated more favorably and not of bi-racial decent;

  c. Plaintiff complained that she was subjected to repeated untrue complaints regarding her conduct and was excluded from workplace conversations because of her race.

32. Defendant A Child's Place did not like that Plaintiff complained about the discriminatory treatment she experienced because of her bi-racial status and continued to subject Plaintiff to disparate treatment and scrutiny.

33. Defendant, after Plaintiff made good faith complaints of racial discrimination, continued to treat Plaintiff less favorably than similarly situated employees who were not bi-racial and ultimately terminated her employment.

34. As a result of Defendant's unlawful retaliatory conduct, Plaintiff has suffered lost pay, front pay, lost benefits, and other financial losses.

35. As a result of Defendant's unlawful retaliatory conduct, Plaintiff has suffered and seeks compensatory damages for emotional pain and suffering.

36. By and through their employees and agents, Defendant acted with malice by intentionally discriminating and retaliating against Plaintiff because of her racial status and ignored her good faith complaints of bi-racial discrimination and are thus liable to Plaintiff for punitive damages.

37. Plaintiff is entitled to recover reasonable attorney's fees and costs if she is successful at trial in this matter.

38. By and through their conduct, Defendant A Child's Place either individually, severally or jointly, violated Title VII by intentionally discriminating against Plaintiff because of her Bi-racial status and retaliating against Plaintiff for making good faith complaints of Bi-racial discrimination, including by terminating her employment.

WHEREFORE, Plaintiff demands that judgment be entered in her favor on Count II against Defendants, for lost pay, lost bonuses, lost benefits, front pay, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

Dated:___________

Richard B. Bateman, Jr., Esquire
Attorney for Plaintiff